1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ALYSSA B. GERO,                    )      NO. SA CV 15-501-E
                                       )
12              Plaintiff,             )
                                       )
13       v.                            )      **MEMORANDUM OPINION**
                                       )
14  CAROLYN W. COLVIN, Acting          )      **AND ORDER OF REMAND**
    Commissioner of Social Security,   )
15                                     )
                Defendant.             )
16  _____   )

17

18       Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19  HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20  judgment are denied, and this matter is remanded for further

21  administrative action consistent with this Opinion.

22

23                          **PROCEEDINGS**

24

25       Plaintiff filed a Complaint on April 1, 2015, seeking review of

26  the Commissioner's denial of benefits.  The parties filed a consent to

27  proceed before a United States Magistrate Judge on May 20, 2015.

28  ///

1     Plaintiff filed a motion for summary judgment on October 22,

2  2015.  Defendant filed a motion for summary judgment on November 23,

3  2015.  The Court has taken both motions under submission without oral

4  argument.  <u>See</u> L.R. 7-15; "Order," filed April 14, 2015.

5

6              **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

7

8     Plaintiff asserts disability since July 20, 2009, based on a

9  combination of alleged physical and mental/psychological problems

10  (Administrative Record ("A.R.") 55-56, 61, 225-235, 269-70).  In

11  denying benefits, the Administrative Law Judge ("ALJ") found some

12  severe physical impairments but no severe mental/psychological

13  impairments (A.R. 23-26).  The Appeals Council considered additional

14  evidence, but denied review (A.R. 1-5).

15

16                          **STANDARD OF REVIEW**

17

18     Under 42 U.S.C. section 405(g), this Court reviews the

19  Administration's decision to determine if: (1) the Administration's

20  findings are supported by substantial evidence; and (2) the

21  Administration used correct legal standards.  <u>See</u> <u>Carmickle v.</u>

22  <u>Commissioner</u>, 533 F.3d 1155, 1159 (9th Cir. 2008); <u>Hoopai v. Astrue</u>,

23  499 F.3d 1071, 1074 (9th Cir. 2007); <u>see also</u> <u>Brewes v. Commissioner</u>,

24  682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such

25  relevant evidence as a reasonable mind might accept as adequate to

26  support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401

27  (1971) (citation and quotations omitted); <u>see also</u> <u>Widmark v.</u>

28  <u>Barnhart</u>, 454 F.3d 1063, 1066 (9th Cir. 2006).

1    If the evidence can support either outcome, the court may
2    not substitute its judgment for that of the ALJ.  But the
3    Commissioner's decision cannot be affirmed simply by
4    isolating a specific quantum of supporting evidence.
5    Rather, a court must consider the record as a whole,
6    weighing both evidence that supports and evidence that
7    detracts from the [administrative] conclusion.

9  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and
10 quotations omitted).

12      Where, as here, the Appeals Council considered additional
13 evidence but denied review, the additional evidence becomes part of
14 the record for purposes of the Court's analysis.  See Brewes v.
15 Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers
16 new evidence in deciding whether to review a decision of the ALJ, that
17 evidence becomes part of the administrative record, which the district
18 court must consider when reviewing the Commissioner's final decision
19 for substantial evidence"; expressly adopting Ramirez v. Shalala, 8
20 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d
21 1228, 1231 (2011) (courts may consider evidence presented for the
22 first time to the Appeals Council "to determine whether, in light of
23 the record as a whole, the ALJ's decision was supported by substantial
24 evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953,
25 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this
26 information and it became part of the record we are required to review
27 as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).
28 ///

3

**DISCUSSION**

Social Security Ruling ("SSR") 85-28[1] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found "not severe" . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . <u>i.e.,</u> the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities. . . .

> If such a finding [of non-severity] is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process.

> \* \* \*

> Great care should be exercised in applying the not severe impairment concept.  If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end

---

[1]   Social Security rulings are binding on the Administration.  <u>See</u> <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

4

1    with the not severe evaluation step.  Rather, it should be

2    continued.

3

4    SSR 85-28 at *2-4.  See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th

5    Cir. 1996) (the severity concept is "a de minimis screening device to

6    dispose of groundless claims") (citation omitted); accord Webb v.

7    Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005).

8

9        In the present case, the medical evidence does not "clearly

10   establish" the non-severity of Plaintiff's alleged mental/

11   psychological problems.  Dr. McMahon, a treating physician, opined

12   that the alleged problems have a much more than minimal effect on

13   Plaintiff's ability to work (A.R. 665-667, 669).  Dr. Carlin, a

14   consultative examining psychiatrist, opined that Plaintiff's alleged

15   mental/psychological problems moderately limit certain work-related

16   abilities and restrict Plaintiff to jobs requiring no more than

17   "simple one or two step job instructions" (A.R. 651).  Dr. Barrons, a

18   non-examining state agency psychologist, similarly opined that

19   Plaintiff is "moderately limited in her ability to maintain

20   concentration, and attention, persistence and pace, in her ability to

21   maintain regular attendance in the work place and perform work

22   activities on a consistent basis" (A.R. 78).  At a minimum, therefore,

23   the ALJ's "non-severity" finding violated SSR 85-28 and the Ninth

24   Circuit authorities cited above.

25

26       Defendant suggests, inter alia, that the asserted "lack of any

27   significant treatment or clinical findings reasonably lead the ALJ to

28   suspect that the extreme limitation noted in Dr. McMahon's physical

capacity forms were [sic] based primarily on Plaintiff's subjective complaints" (Defendant's Motion at 4).  Assuming the accuracy of Defendant's suggestion, the ALJ should have developed the record further concerning the actual bases for Dr. McMahon's opinions before predicating a benefits denial on a suspicion that Dr. McMahon's opinions were "based primarily on Plaintiff's subjective complaints." "The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.  This duty exists even when the claimant is represented by counsel."  Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983); accord Garcia v. Commissioner, 768 F.3d 925, 930 (9th Cir. 2014); see also Sims v. Apfel, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial.  It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits. . . ."); Widmark v. Barnhart, 454 F.3d at 1068 (while it is a claimant's duty to provide the evidence to be used in making a residual functional capacity determination, "the ALJ should not be a mere umpire during disability proceedings") (citations and internal quotations omitted); Smolen v. Chater, 80 F.3d at 1288 ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them.  He could also  have continued the hearing to augment the record.") (citations omitted).  An ALJ's duty to develop the record is "especially important" "in cases of mental impairments."  DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

///

///

1    The Court is unable to deem the errors to have been harmless.

2  See generally, McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011).

3  Because the circumstances of this case suggest that further

4  administrative review could remedy the ALJ's errors, remand is

5  appropriate.   Id. at 888; see also INS v. Ventura, 537 U.S. 12, 16

6  (2002) (upon reversal of an administrative determination, the proper

7  course is remand for additional agency investigation or explanation,

8  except in rare circumstances); Treichler v. Commissioner, 775 F.3d

9  1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative

10  proceedings is the proper remedy "in all but the rarest cases");

11  Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (court will

12  credit-as-true medical opinion evidence only where, inter alia, "the

13  record has been fully developed and further administrative proceedings

14  would serve no useful purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-

15  81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further

16  proceedings rather than for the immediate payment of benefits is

17  appropriate where there are "sufficient unanswered questions in the

18  record").

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 4, 2015.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2]    The Court need not and does not decide any issue raised by the parties other than the issues discussed herein.